Local AO 442 (Rev. 10/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NORTH DAKOTA

### NORTHWESTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Gilbert Eugene Graim, Jr. | ) | Case No.   4:15-cr-122-018 |
|  | ) | |
| _____ | ) | |
| *Defendant* | | |

> EASTERN DISTRICT OF CALIFORNIA
> CASE NO. 5:15-mj-00045-JLT

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____ Gilbert Eugene Graim, Jr. _____ ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ❑ Superseding Indictment   ❑ Information   ❑ Superseding Information   ❑ Complaint
❑ Probation Violation Petition   ❑ Supervised Release Violation Petition   ❑Violation Notice   ❑ Order of the Court

This offense is briefly described as follows:

Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
Distribution of Methamphetamine (500 grams or more)
Aiding and Abetting

Date:   08/06/2015 _____

City and state:   Bismarck, ND

*/s/ Jeanene Thompson*
_____
*Issuing officer's signature*

Jeanene Thompson, Deputy Clerk
_____
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |

_____
*Arresting officer's signature*

_____
*Printed name and title*

Local AO 442 (Rev. 10/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) |
| Teoshalashanae M. Songcuan | )  Case No.  4:15-cr-122-019 |
|  | ) |
|  | ) |
| _____ | ) |
| *Defendant* | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*      Teoshalashanae M. Songcuan                    ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
Distribution of Methamphetamine (500 grams or more)
Aiding and Abetting

Date:   08/06/2015

City and state:   Bismarck, ND

*/s/ Jeanene Thompson*

*Issuing officer's signature*

Jeanene Thompson, Deputy Clerk

*Printed name and title*

---

| **Return** |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____

at *(city and state)*  _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| RONNIE RAY TAYLOR;<br>RODNEY LEE JACKSON;<br>TERRANCE DARSHAY LYNN<br>PETERSON, a/k/a "TURTLE;"<br>VICTOR MURILLO, a/k/a "VIC;"<br>DEBRA MELADORE DAVIS;<br>BRYAN KEITH DAVIS;<br>REGINA ROSE LEHMAN;<br>MICHAEL JOHN GIETL;<br>ROBERT RAYMOND ALTHAUS;<br>PEGGY LEE ST. CLAIRE;<br>JADE MARIE BACKMAN;<br>CODY LEE DEHARTY;<br>RICKY DEAN STRAHAN;<br>GERALD WAYNE OSBY, JR.;<br>JAMES ALEX LOCKLEAR;<br>ALYSSA JO SCHLIENZ;<br>AUDRA DEZZARI HARRIS;<br>GILBERT EUGENE GRAIM, JR.;<br>TEOSHALASHANAE M. SONGCUAN;<br>DEANDRE TRAYVON PETERSON;<br>JIMMY DALE PRICE; and,<br>MIRANDA LEIGH GRANT | Violation:  18 U.S.C. §§ 2, 922(g)(1),<br>924(a)(2), 924(c)(1)(A)(i), 924(d), and<br>1956(h); 21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii), 841(b)(1)(C) and 846;<br>28 U.S.C. § 2461(c) |

<u>COUNT ONE</u>

**Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine**

The Grand Jury Charges:

Beginning in or about 2014 and continuing until the date of this Indictment, in the

District of North Dakota, and elsewhere,

RONNIE RAY TAYLOR;
RODNEY LEE JACKSON;
TERRANCE DARSHAY LYNN PETERSON, a/k/a "TURTLE;"
VICTOR MURILLO, a/k/a "VIC;"
DEBRA MELADORE DAVIS;
BRYAN KEITH DAVIS;
REGINA ROSE LEHMAN;
MICHAEL JOHN GIETL;
ROBERT RAYMOND ALTHAUS;
PEGGY LEE ST. CLAIRE;
JADE MARIE BACKMAN;
CODY LEE DEHARTY;
RICKY DEAN STRAHAN;
GERALD WAYNE OSBY, JR.;
JAMES ALEX LOCKLEAR;
ALYSSA JO SCHLIENZ;
AUDRA DEZZARI HARRIS;
GILBERT EUGENE GRAIM, JR.;
TEOSHALASHANAE M. SONGCUAN;
DEANDRE TRAYVON PETERSON;
JIMMY DALE PRICE; and,
MIRANDA LEIGH GRANT

knowingly and intentionally combined, conspired, confederated, and agreed together and

with others, both known and unknown to the grand jury, to distribute and possess with

intent to distribute a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code,

Section 2.

Drug Quantity

With respect to the defendants RONNIE RAY TAYLOR; RODNEY LEE

JACKSON; VICTOR MURILLO, a/k/a "VIC;" DEBRA MELADORE DAVIS;

MICHAEL JOHN GIETL; ROBERT RAYMOND ALTHAUS; RICKY DEAN

STRAHAN; GILBERT EUGENE GRAIM, JR.; TEOSHALASHANAE M.

SONGCUAN; DEANDRE TRAYVON PETERSON; JIMMY DALE PRICE; and

MIRANDA LEE GRANT, the amount involved in the conspiracy attributable to each of

these defendants as a result of that defendant's own conduct, and the conduct of other

conspirators reasonably foreseeable to that defendant, is 500 grams or more of a mixture

and substance containing a detectable amount of methamphetamine, in violation of Title

21, United States Code, Section 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others would and

did distribute, and possess with intent to distribute, methamphetamine, a Schedule II

controlled substance, in Minot, North Dakota, and elsewhere, including, but not limited

to, the following:

a.      On or about September 24, 2014, the defendants JAMES ALEX

LOCKLEAR and ALYSSA JO SCHLIENZ, individually and by

3

aiding and abetting, distributed approximately 4 grams of a mixture

and substance containing a detectable amount of methamphetamine

to another person;

b.      On or about October 9, 2014, the defendants RONNIE RAY

TAYLOR and TERRANCE DARSHAY LYNN PETERSON, a/k/a

"TURTLE," individually and by aiding and abetting, distributed

approximately 1 ounce of a mixture and substance containing a

detectable amount of methamphetamine to another person;

c.      On or about October 9, 2014, the defendant DEBRA MELADORE

DAVIS distributed approximately 1 ounce of a mixture and

substance containing a detectable amount of methamphetamine to

another person;

d.      On or about October 16, 2014, the defendant DEBRA MELADORE

DAVIS distributed approximately 1 gram of a mixture and substance

containing a detectable amount of methamphetamine to another

person;

e.      On or about October 16, 2014, the defendant PEGGY LEE ST.

CLAIRE distributed approximately 1 gram of a mixture and

substance containing a detectable amount of methamphetamine to

another person;

f.      On or about October 17, 2014, the defendant PEGGY LEE ST.

CLAIRE distributed approximately 4 grams of a mixture and

4

substance containing a detectable amount of methamphetamine to another person;

g.  On or about October 20, 2014, the defendant PEGGY LEE ST. CLAIRE distributed approximately 1 ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

h.  On or about October 29, 2014, the defendant ROBERT RAYMOND ALTHAUS distributed approximately 1 ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

i.  On or about November 4, 2014, the defendant ROBERT RAYMOND ALTHAUS distributed approximately 1 ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

j.  On or about December 16, 2014, the defendants JADE MARIE BACKMAN and CODY LEE DEHARTY, individually and by aiding and abetting, distributed approximately 12 grams of a mixture and substance containing a detectable amount of methamphetamine to another person; and,

k.  On or about December 30, 2014, the defendant BRYAN KEITH DAVIS and REGINA ROSE LEHMAN, individually and by aiding and abetting, distributed approximately 1 ounce of a mixture and

substance containing a detectable amount of methamphetamine to

another person;

2.     It was further a part of said conspiracy that the defendants and others would

and did attempt to conceal their activities;

3.     It was a further part of said conspiracy that the defendants and others would

and did use United States currency in their drug transactions;

4.     It was a further part of said conspiracy that one or more of the conspirators

deposited and removed proceeds of drug distribution activity through accounts at various

financial institutions in North Dakota and California;

5.     It was a further part of said conspiracy that the defendants and others would

and did use telecommunication facilities, including cellular telephones, to facilitate the

distribution of methamphetamine and other controlled substances;

6.     It was a further part of said conspiracy that one or more conspirators

traveled between California and North Dakota, and elsewhere, to obtain and distribute

methamphetamine;

7.     It was a further part of said conspiracy that one or more conspirators

possessed firearms to protect and conceal their drug trafficking activity; and,

8.     It was a further part of said conspiracy that one or more conspirators rented

motor vehicles for use in transporting methamphetamine.

In violation of Title 21, United States Code, Section 846; Pinkerton v. United

States, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Distribution of Methamphetamine (500 grams or more)**

The Grand Jury Further Charges:

From in or about 2014 and continuing until the date of this Indictment, in the

District of North Dakota,

RONNIE RAY TAYLOR;
RODNEY LEE JACKSON;
VICTOR MURILLO, a/k/a "VIC;"
DEBRA MELADORE DAVIS;
MICHAEL JOHN GIETL;
ROBERT RAYMOND ALTHAUS;
RICKY DEAN STRAHAN;
GILBERT EUGENE GRAIM, JR.;
TEOSHALASHANAE M. SONGCUAN;
DEANDRE TRAYVON PETERSON;
JIMMY DALE PRICE; and,
MIRANDA LEIGH GRANT,

individually and by aiding and abetting, knowingly and intentionally distributed 500

grams or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

7

<u>COUNT THREE</u>

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

From in or about 2014 and continuing until the date of this Indictment, in the

District of North Dakota,

TERRANCE DARSHAY LYNN PETERSON, a/k/a "TURTLE;"
BRYAN KEITH DAVIS;
REGINA ROSE LEHMAN;
PEGGY LEE ST. CLAIRE;
JADE MARIE BACKMAN;
CODY LEE DEHARTY;
GERALD WAYNE OSBY, JR.;
JAMES ALEX LOCKLEAR;
ALYSSA JO SCHLIENZ; and,
AUDRA DEZZARI HARRIS,

individually and by aiding and abetting, knowingly and intentionally distributed a

mixture and substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

8

COUNT FOUR

**Conspiracy to Distribute and Possess with Intent to Distribute Heroin**

The Grand Jury Further Charges:

From in or about December 2014 and continuing until in or about January 2015, in

the District of North Dakota, and elsewhere,

RONNIE RAY TAYLOR;
VICTOR MURILLO, a/k/a "VIC;"
DEBRA MELADORE DAVIS;
MICHAEL JOHN GIETL; and,
RICKY DEAN STRAHAN,

knowingly and intentionally combined, conspired, confederated, and agreed together and

with others, both known and unknown to the grand jury, to distribute and possess with

intent to distribute a mixture and substance containing a detectable amount of heroin, a

Schedule I controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2;

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others would and

did distribute, and possess with intent to distribute, heroin, a Schedule I controlled

substance, in Minot, North Dakota, and elsewhere;

2.      It was further a part of said conspiracy that the defendants and others would

and did attempt to conceal their activities;

9

3.      It was a further part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

4.      It was a further part of said conspiracy that one or more of the conspirators rented a motor vehicle for purposes of transporting heroin from California to North Dakota;

5.      It was a further part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of heroin and other controlled substances;

6.      It was a further part of said conspiracy that one or more conspirators traveled between California and North Dakota, and elsewhere, to obtain and distribute heroin; and,

7.      It was a further part of said conspiracy that one or more conspirators possessed firearms to protect and conceal their drug trafficking activity;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

<u>COUNT FIVE</u>

**Possession of Methamphetamine with Intent to Distribute**

The Grand Jury Further Charges:

On or about January 7, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL

knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT SIX</u>

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about January 7, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL

during and in relation to a drug trafficking crime for which MICHAEL JOHN GIETL

may be prosecuted in a court of the United States, namely, (i) Conspiracy to Distribute

and Possess with Intent to Distribute Methamphetamine, as alleged in Count One of this

Indictment; (ii) Distribution of Methamphetamine, as alleged in Count Two of this

Indictment; (iii) Conspiracy to Distribute and Possess with Intent to Distribute Heroin, as

alleged in Count Four of this Indictment; and (iv) Possession of Methamphetamine with

Intent to Distribute, as alleged in Count Five of this Indictment, used and carried a

firearm and, in furtherance of any such crime, possessed a firearm, namely, one Bryco

Arms, Model Jennings Nine-CA, 9mm caliber pistol, Serial Number 1590444;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

12

## COUNT SEVEN

**Possession of Methamphetamine with Intent to Distribute (50 grams or more actual)**

The Grand Jury Further Charges:

On or about May 27, 2015, in the District of North Dakota,

## MICHAEL JOHN GIETL

knowingly and intentionally possessed with intent to distribute 50 grams or more of

methamphetamine (actual), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

<u>COUNT EIGHT</u>

**Possession of Heroin with Intent to Distribute**

The Grand Jury Further Charges:

On or about May 27, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL

knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT NINE</u>

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about May 27, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL,

during and in relation to a drug trafficking crime for which MICHAEL JOHN GIETL

may be prosecuted in a court of the United States, namely, (i) Conspiracy to Distribute

and Possess with Intent to Distribute Methamphetamine, as alleged in Count One of this

Indictment; (ii) Distribution of Methamphetamine, as alleged in Count Two of this

Indictment; (iii) Possession of Methamphetamine with Intent to Distribute, as alleged in

Count Seven of this Indictment; and (iv) Possession of Heroin with Intent to Distribute,

as alleged in Count Eight of this Indictment, used and carried one or more firearms and,

in furtherance of any such crime, possessed one or more firearms, namely: (i) one

Weatherby, Model Mark V, .300 Winchester caliber rifle, Serial Number H244656;

(ii) one Beretta USA Corp., Model 950BS, .22 short caliber pistol, Serial Number

BER89120T; (iii) one Bersa, Model Thunder, .380 caliber pistol, Serial Number 912862;

(iv) one Smith & Wesson, Model Bodyguard, .380 caliber pistol, Serial Number

EAL5509; (v) one Ruger, Model P90DC, .45 caliber pistol, Serial Number 663-66770;

(vi) one Ruger, Model Ranch, 5.56 caliber rifle, Serial Number 582-92296; and, (vii) one

Sig-Sauer, Model 716, .308 caliber rifle, Serial Number 22G001707;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and

924(c)(1)(C)(i).

<u>COUNT TEN</u>

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about January 7, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL,

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit: (a) on or about June 25, 2007, Possession of a Narcotic Drug

(Cocaine) with Two Prior Convictions, a class 4 felony, in Pima County, Arizona, Case

Number CR20070067; (b) on or about May 25, 2006, Possession of a Narcotic Drug For

Sale, Cocaine Base, a class 2 felony, and Possession of Deadly Weapon by a Prohibited

Possessor, a class 4 felony, in Pima County, Arizona, Case Number CR20060282; (c) on

or about May 25, 2006, Solicitation to Unlawfully Possess a Narcotic Drug, Cocaine

Base, a class 6 felony, and Unlawful Possession of Drug Paraphernalia, a class 6 felony,

in Pima County, Arizona, Case Number CR20054877; and, (d) on or about April 16,

1996, Solicitation to Unlawful Possession of a Narcotic Drug, a class 6 felony, in Pima

County, Arizona, Case Number CR-46908, did knowingly possess in and affecting

commerce a firearm, that is, one Bryco Arms, Model Jennings Nine-CA, 9mm caliber

pistol, Serial Number 1590444;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), and 924(a)(2).

16

<u>COUNT ELEVEN</u>

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about May 27, 2015, in the District of North Dakota,

MICHAEL JOHN GIETL,

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit: (a) on or about June 25, 2007, Possession of a Narcotic Drug

(Cocaine) with Two Prior Convictions, a class 4 felony, in Pima County, Arizona, Case

Number CR20070067; (b) on or about May 25, 2006, Possession of a Narcotic Drug For

Sale, Cocaine Base, a class 2 felony, and Possession of Deadly Weapon by a Prohibited

Possessor, a class 4 felony, in Pima County, Arizona, Case Number CR20060282; (c) on

or about May 25, 2006, Solicitation to Unlawfully Possess a Narcotic Drug, Cocaine

Base, a class 6 felony, and Unlawful Possession of Drug Paraphernalia, a class 6 felony,

in Pima County, Arizona, Case Number CR20054877; and, (d) on or about April 16,

1996, Solicitation to Unlawful Possession of a Narcotic Drug, a class 6 felony, in Pima

County, Arizona, Case Number CR-46908, did knowingly possess in and affecting

commerce a firearm, that is: (i) one Weatherby, Model Mark V, .300 Winchester caliber

rifle,  Serial Number H244656; (ii) one Beretta USA Corp., Model 950BS, .22 short

caliber pistol, Serial Number BER89120T; (iii) one Bersa, Model Thunder, .380 caliber

pistol, Serial Number 912862; (iv) one Smith & Wesson, Model Bodyguard, .380 caliber

pistol, Serial Number EAL5509; (v) one Ruger, Model P90DC, .45 caliber pistol, Serial

Number 663-66770; (vi) one Ruger, Model Ranch, 5.56 caliber rifle, Serial Number 582-

92296; and, (vii) one Sig-Sauer, Model 716, .308 caliber rifle, Serial Number

22G001707;

     In violation of Title 18, United States Code, Sections 2, 922(g)(1), and 924(a)(2).

COUNT TWELVE

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

Beginning in or about 2014 and continuing through the date of this Indictment, in

the District of North Dakota, and elsewhere,

RONNIE RAY TAYLOR;
RODNEY LEE JACKSON;
PEGGY LEE ST. CLAIRE;
JADE MARIE BACKMAN;
CODY LEE DEHARTY;
JAMES ALEX LOCKLEAR; and,
ALYSSA JO SCHLIENZ

did knowingly combine, conspire, and agree with each other and with other persons,

known and unknown to the Grand Jury, to commit offenses against the United States in

violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct

and attempt to conduct a financial transaction affecting interstate and foreign commerce,

which involved the proceeds of a specified unlawful activity, that is, knowingly and

intentionally distributing controlled substances, (a) with intent to promote the carrying on

of the specified unlawful activity, and knowing that the property involved in the financial

transaction represented the proceeds of some form of unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(A)(i); and, (b) knowing that the

transaction is designed in whole or in part to conceal and disguise the nature, the location,

the source, the ownership, and the control of the proceeds of specified unlawful activity

in violation of Title 18, United States Code, Section 1956(1)(B)(i);

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.    Defendants and their co-conspirators began to acquire methamphetamine, a Schedule II controlled substance, for distribution. The methamphetamine was transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy. Numerous individuals were used to transport the methamphetamine and money generated from the sale of methamphetamine;

2.    Members of the methamphetamine distribution conspiracy organization would front (the practice of buying and selling narcotics on consignment) the methamphetamine to various distributors. The methamphetamine would eventually be sold and the currency collected and transported from one person to another to continue the ongoing illegal activity; and

3.    During the course of this conspiracy, persons known and unknown to the Grand Jury, would deposit and withdraw money, which were the proceeds of the unlawful activity, from bank accounts in North Dakota and California;

4.    During the course of this conspiracy, persons known and unknown to the Grand Jury, utilized money transfer services such as Western Union, Moneygram, and Green Dot Bank, to wire and transfer money from North Dakota to California;

All in violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE ALLEGATION</u>

The Grand Jury Further Finds Probable Cause That:

Upon conviction of Counts Six, Nine, Ten and Eleven alleged in this Indictment,

MICHAEL JOHN GIETL

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d),

and Title 28, United States Code, Section 2461(c), all firearms involved in the

commission of the offense, including, but not limited to, the following:

- one Bryco Arms, Model Jennings Nine-CA, 9mm caliber pistol, serial number 1590444;

- one Weatherby, Model Mark V, .300 Winchester caliber rifle, serial number H244656;

- one Beretta USA Corp., Model 950BS, .22 short caliber pistol, serial number BER89120T;

- one Bersa, Model Thunder, .380 caliber pistol, serial number 912862;

- one Smith & Wesson, Model Bodyguard, .380 caliber pistol, serial number EAL5509;

- one Ruger, Model P90DC, .45 caliber pistol, serial number 663-66770;

- one Ruger, Model Ranch, 5.56 caliber rifle, serial number 582-92296; and,

- one Sig-Sauer, Model 716, .308 caliber rifle, serial number 22G001707.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
Acting United States Attorney

RLV/rab